**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | : | |
|     Sheila Farragher | : | Chapter 7 |
|     Anthony Larry Farragher | : | Case No. 14-14813 |
|     Michael Joseph Farragher | : | |
|         Debtors. | : | |
| | : | |
|     Sheila Farragher | : | |
|     Anthony Larry Farragher | : | |
|     Michael Joseph Farragher | : | |
|         Plaintiffs, | : | |
| v. | : | Adversary Proceeding |
| | : | Case No. 14-01217 |
|     Robert T. Engleby | : | |
|         Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**HIS MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT**

The Defendant, Robert T. Engleby ("Engleby"), respectfully submits this Memorandum of Law in Support of his Motion to Dismiss (the "Motion") the "Adversary Proceeding Seeking to Strike the Creditor's Claim in Full and all Attempts by Creditor Robert Engleby to Foreclose" (the "Complaint") filed by the Plaintiffs, Sheila Farragher, Anthony Larry Farragher-Gemma and Michael Joseph Farragher (collectively, the "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b)(6), for failure to state a claim upon which relief can be granted. At the outset, it is import to note that Plaintiffs' Anthony Larry Farragher-Gemma and Michael Joseph Farragher do not have standing to assert any claims for relief in the instant proceeding, as the Complaint has only been filed in connection with the Bankruptcy of Plaintiff Sheila Farragher, despite the caption that Plaintiffs'

counsel attached to said Complaint. Defendant submits that the Complaint should be dismissed in its entirety and with prejudice.

## FACTS AND TRAVEL

In or about November 2007, Cherry Hills Apartments of Fort Worth, LLC, a Colorado limited liability company[1] ("Cherry Hills Colorado") and Clear River Partners, LLC, a Massachusetts limited liability company ("Clear River") entered into a Purchase and Sale Agreement (the "Purchase Agreement") pursuant to which Cherry Hills Colorado agreed to sell and Clear River agreed to purchase certain real property containing an apartment complex commonly known as the Cherry Hills Apartments, located at 5250 Wonder Drive, Fort Worth, Texas (the "Property"). *See* Complaint, ¶1[2]. In connection with its payment obligations under the Purchase Agreement, Clear River also agreed to assume the unpaid principal balance of Cherry Hills Colorado's prior loan related to the Property, the original amount of which was $3,481,000.00 (the "Loan"). Complaint, ¶2. Thereafter, On February 15, 2008, Clear River assigned its rights and obligations under the Purchase Agreement to Cherry Hills Apartments of Fort Worth, LLC d/b/a FW Cherry Hills, a Massachusetts limited liability company ("Cherry Hills Massachusetts"), which is the corporate Plaintiff in this case. Complaint, ¶3.

As part of the sale contemplated by the Purchase Agreement, Thomas L. Engleby[3] agreed to guarantee the repayment of the Loan by Cherry Hill Massachusetts and to post a $600,000 letter of credit in favor of the existing lender. *Id*. The individual Plaintiffs in this case, who are the

---

[1] This entity is not to be confused with Cherry Hills Apartments of Fort Worth, LLC d/b/a FW Cherry Hills, which is a Massachusetts limited liability company created by, *inter alia*, the Plaintiffs.

[2] In accordance with Fed. R. Civ. P. 12(b)(6), for purposes of this Motion to Dismiss, all factual allegations are taken from the Plaintiffs' Complaint and are deemed to be true at this preliminary stage for purposes of the Court's analysis of the subject Motion.

[3] Thomas L. Engleby is the father of the Defendant, Robert T. Engleby. The Defendant has been assigned all of his father's rights in the Letter of Credit Indemnity Agreement and the two (2) Mortgages that are the subject of this action, facts which the Plaintiffs do not contest. *See* Complaint, ¶15.

principals of Cherry Hills Massachusetts, executed a Letter of Credit Indemnity Agreement (the "Indemnity Agreement") between themselves and Thomas L. Engleby.  Complaint, ¶¶ 3-4.  The terms of the Indemnity Agreement provided that the Plaintiffs would indemnify Thomas L. Engleby against any liabilities he may incur in connection with his guarantee of the repayment of the Loan by Cherry Hills Massachusetts, including any liability that he might incur if the Letter of Credit was called upon any default by Cherry Hills Massachusetts.  Complaint, ¶4.

In order to secure the Plaintiffs' obligations under the Indemnity Agreement, some of the Plaintiffs granted two (2) mortgages on properties that they owned in Massachusetts.  The Plaintiffs, *inter alia*, granted mortgage liens (the "Mortgages") on the properties located at 6-8 Morgan Place, Newton, Massachusetts and 30 Oriele Road, Medfield, Massachusetts (the "Collateral").  Complaint, ¶5.  All of the rights of Thomas L. Engleby under the Indemnity Agreement, the Mortgage and the Collateral have been subrogated to Defendant Engleby.  Complaint, ¶6.

After Engleby's Letter of Credit was called upon the Plaintiffs' default, on or about November 18, 2013, Engleby instituted a civil suit in the State of Texas, seeking damages against the Plaintiffs for breach of contract as a result of their failure to repay their obligations pursuant to the terms of the Indemnity Agreement.  Complaint, ¶20.  The Plaintiffs to the instant matter filed an Answer and Counterclaim in the Texas action.  Complaint, ¶21.  In March, 2014, Engleby availed himself of his rights under the Mortgage and commenced foreclosure proceedings on the Collateral.  Complaint, ¶22.  Engleby scheduled a foreclosure sale of the Collateral for July 14, 2014, but subsequently agreed to continue the same until July 31, 2014.[4]  Complaint, ¶ 62.

---

[4] On July 31, 2014 – mere minutes before the scheduled foreclosure auction was to begin – Plaintiff Anthony Farragher-Gemma (a mortgagor under the Mortgage) filed an individual Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Massachusetts (currently pending as Case No. 14-13596).

## PROCEDURAL HISTORY[5]

In an attempt to stall the aforementioned foreclosure sales, the Plaintiffs filed two complaints in Middlesex County Superior Court on or about July 8, 2014 seeking injunctive relief and alleging violations of G.L. c. 93A and G.L. c. 231, §6. Thereafter, Engleby removed the matter to the United States District Court for the District of Massachusetts on July 11, 2014. On July 30, 2014, the Federal District Court entered an Order denying the request for injunctive relief based upon the failure of the Plaintiffs to show a reasonable likelihood of success on the merits. A copy of the Order denying Plaintiffs' motion for injunctive relief is attached hereto as **Exhibit A**. Thereafter, on September 4, 2014, the Federal District Court dismissed the Federal District Court Case on the merits. A copy of the docket Order dismissing the Federal District Court Case is attached hereto as **Exhibit B**. As a result of the foregoing, the Plaintiffs herein all filed petitions under the United States Bankruptcy Code in an attempt to stifle Defendant Eagleby's rights, despite a prior decision on merits of the matter in the United States District Court for the District of Massachusetts.

## APPLICABLE RULE

Rule 12(b) of the Federal Rules of Civil Procedure, made applicable to the instant proceeding by Federal Rule of Bankruptcy Procedure 7012(b)(6), provides in relevant part: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b).

---

[5] All of the information contained in this section of the instant Memorandum of Law is public information available for viewing on the Public Access to Court Electronic Records website at https://pacer.login.uscourts.gov, and is thus subject to consideration by the Court under the doctrine of Judicial Notice.

## LEGAL STANDARD

In order to survive a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sovereign Bank v. Sturgis*, 863 F. Supp. 2d 75, 78 (D. Mass. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation marks omitted)). In construing the complaint, all well-pleaded factual allegations in must be taken as true and all reasonable inferences must be drawn in the pleader's favor. *See Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 52 (1st Cir. 1990). This "does not mean, however, that a court must, (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." *Sovereign Bank*, 863 F. Supp. 2d at 78 (quoting *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992) (internal quotation marks omitted)).

To survive a motion to dismiss, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

## ARGUMENT

In their Complaint, the Plaintiffs discuss at length the alleged bad acts Charles T. Dobbens ("Dobbens") and their displeasure with his lack of involvement in the proceeding pending in Texas State Court; however, they fail to assert any specific cause of action against Engleby. Notwithstanding the foregoing, it appears the only cognizable claim alleged in the Complaint is that Engleby somehow "violated M.G.L. c. 231, §6." Complaint, ¶63. For the reasons set forth below, the Plaintiffs' Complaint should be dismissed in its entirety, with prejudice, because it fails to set forth any cognizable claim or cause of action against Engleby, its asserted claim(s) are

barred by the doctrine of *res judicata*, and based on application of the Prior-Pending-Action doctrine.

1. **The Plaintiffs' Assertion that Engleby Violated Mass. Gen. Laws ch. 231 § 6 is Nonsensical and Inapplicable to the Instant Matter.**

Massachusetts General Laws Chapter 231, Section 6 permits the recovery of costs by or against the Plaintiff in a matter involving "the recovery of an outstanding debt or claim sold or assigned by an executor or administrator under a license of the probate court." Mass. Gen. Laws ch. 231 § 6. There is no allegation in the Plaintiffs' Complaint that this matter involves an outstanding debt or claim sold or assigned by an executor or administrator under a license of the probate court, and, as such, this section of the Massachusetts General Laws is wholly inapplicable to the instant matter. As such, the Plaintiffs' purported claim under Mass. Gen. Laws ch. 231 § 6, must be dismissed as it has no applicability to the instant matter.

2. ***Res Judicata*** **Bars any Claims that Plaintiff has or is attempting to Assert against Engleby.**

"*Res judicata*, in its claim preclusion aspect, is intended to prevent the re-litigation of claims already litigated or that should have been litigated in an earlier action; in its issue preclusion aspect, it prevents (with qualifications) re-litigation of issues earlier decided even if the subsequent case involves a different claim." *Grenier v. Town of Shrewsbury*, 2014 U.S. Dist. LEXIS 136269 (D. Mass. Sept. 26, 2014).

As stated in the Procedural History section hereof, all of the Plaintiffs herein previously filed complaints against Engleby in Middlesex County Superior Court on or about July 8, 2014 seeking injunctive relief and alleging violations of G.L. c. 93A and G.L. c. 231, §6, based upon the same underlying facts which Plaintiffs have asserted in their Complaint in the instant matter. Such actions were removed to the United States District Court for the District of Massachusetts,

6

where Judge Leo T. Sorokin denied the Plaintiffs' request for injunctive relief based upon their to show a reasonable likelihood of success on the merits and ultimately dismissed the case, rendering a final decision on the merits of the actions.  As such, it is clear that Plaintiffs claims, to the extent that such claims have been asserted against Engleby, have already been litigated by the same parties and brought to a final judgment by the United States District Court for the District of Massachusetts. To that end, Plaintiffs are not entitled to again re-litigate the same issues in another attempt to obstruct and otherwise thwart Eagleby's right to pursue any and all remedies available to him pursuant to the Mortgages.  Accordingly, based on the doctrine of *res judicata*, this Honorable Court should dismiss the instant Complaint.

### 3. The Doctrine of Prior-Pending-Action Bars Plaintiffs Instant Adversary Proceeding

"Under the prior-pending-action doctrine, the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit.  As a general rule, the suit filed first should have priority absent the showing of balance of convenience in favor of the second action." *Quality One Wireless, LLC v. Goldie Group, LLC*, 2014 U.S. Dist. LEXIS 94410, 7-8 (D. Mass. July 11, 2014)(internal quotations and citations omitted).  Accordingly, a court may stay or dismiss a later-filed action under the doctrine if two conditions are met: (1) there exists an identity of issues between the two actions and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action. *Id.* at *8 (citing 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1360, at 89 (3d ed. 2004)).  Moreover, "the parties in the two suits need not be identical; they need only share sufficient congruence of interests." *See Id.* (citing *Whitten Ranch, Inc. v. Premier Alfalfa, Inc.*, 2009 U.S. Dist. LEXIS 51975, 2009 WL 1844482, at *2 (D. Neb.

June 18, 2009)). In addition, the United States District Court for the District of Massachusetts has recognized that "federal and state actions are sufficiently analogous for purposes of the doctrine [of Prior-Pending-Action.]" *Id.* at *9.

In this matter, and as the Plaintiffs discussed at length in their Complaint, Engleby instituted a civil suit in the State of Texas, seeking damages against the Plaintiffs for breach of contract as a result of their failure to repay their obligations pursuant to the terms of the Indemnity Agreement (the "Texas State Action"). Complaint, ¶20. In the Texas State Action, the Plaintiffs to the instant matter filed an Answer and Counterclaim. Complaint, ¶21. As is abundantly clear from Exhibits A and B to the Plaintiffs' Complaint, the Texas State Action involves identical facts claims, and issues related to the same transaction when compared to those asserted in the instant matter by identical parties. In fact, a majority of the Plaintiffs Complaint in this matter is taken word for word from their Counterclaim in the Texas State Action. *See* Exhibit B to Complaint. As such, this court should recognize the doctrine of Prior-Pending-Action and dismiss the instant adversary proceeding and allow the Texas State Action to proceed and reach a determination on the merits.

**4. Ms. Farragher Does Not Have Standing to Bring an Adversary Proceeding**

Upon Ms. Farragher's Chapter 7 Bankruptcy filing and the appointment of her Trustee, "all legal or equitable interests…in property as of the commencement of the case" became the property of her bankruptcy estate." 11 U.S.C. § 541 (a)(1). As such, any cause of action which may exist can only be pursued by the Trustee of her bankruptcy estate, not by Ms. Farragher as the debtor. *See Dimaio Family Pizza & Luncheonette, Inc. v. Charter Oak Fire Ins. Co*., 349 F. Supp. 2d 128, 132 (D. Mass. 2004); *see also* 11 U.S.C. § 323(b). Moreover, the United States Bankruptcy Court for the District of Massachusetts has recognized that a "Chapter 7 trustee steps into the shoes of a

8

debtor for the purposes of asserting or maintaining the debtor's causes of action, and has exclusive standing to prosecute prepetition claims." *See Robert v. Household Fin. Corp. II* (*In re Robert*), 432 B.R. 464, 470 (Bankr. D. Mass. 2010)(internal citations and quotations omitted.).  In the instant matter, the claims against Engleby have been asserted by a Chapter 7 debtor through her individual counsel, not by the Chapter 7 Trustee or other representative of the bankruptcy estate. Accordingly, the Plaintiff does not have standing to maintain the instant action on her own behalf, and, as a result the Complaint against Engleby must be dismissed.

## CONCLUSION

For the reasons stated above, the Defendant, Robert T. Engleby, requests that this Court GRANT the Defendant's Motion to Dismiss the Plaintiffs' Complaint in its entirety with prejudice, and requests any further relief that the court deems reasonable and appropriate.

ROBERT T. ENGLEBY
By his attorneys,

*/s/ James G. Atchison*
James G. Atchison, Esq. (#671047)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
401-272-1400
401-272-1403 (fax)
jatchison@shslawfirm.com

Dated: December 22, 2014

## CERTIFICATE OF SERVICE

I hereby certify on this 22nd day of December 2014, that I have caused the within *Defendant's Memorandum of Law in Support of his Motion to Dismiss the Plaintiffs' Complaint* to be filed with the Court via the ECF filing system.  As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

*/s/ James G. Atchison*